Jennifer A. Mitchell
State Bar Number 24042931
The Lonergan Law Firm, P.L.L.C.
12801 North Central Expressway, Suite 150
Dallas, Texas 75243
214-503-7509 Phone
214-503-8752 Fax
Email: jmitchell@lonerganlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-41111-RFN-13 |
| | § | |
| ADRIANA LARA f/k/a ADRIANA | § | |
| GARZA | § | |
| Debtor | § | CHAPTER 13 |
| | § | |

## RESPONSE TO ORDER DIRECTING DANN HESKETT, JUANA HESKETT, LOLITA SHERIOW, SUSIE RODRIGUEZ, and GAYLENE ROGERS LONERGAN TO APPEAR AND SHOW CAUSE

On January 9, 2011, Judge Russell F. Nelms issued an Order to Appear and Show Cause:

1) regarding the validity of the real property transactions set forth in the *Motion Requesting Issuance of an Order for Scott Irvin, Amy Irvin, Dan Heskett and Juana Heskett to Appear and Show Cause* filed in the instant case;

2) regarding the validity of the marketing of the estate property known as 2023 Quarter Horse Lane in Fort Worth, Texas, without prior approval of this Court;

3) regarding the validity of the transfer of the estate property known as 2023 Quarter Horse Lane in Fort Worth, Texas, without prior approval of this Court;

4) regarding their concealment of estate property;

5) to explain how their conduct does not violate 11 U.S.C.§ 362;

6) to explain how their conduct does not violate 18 U.S.C §152;

7) to explain how their conduct does not violate Section 81.101 of the Texas Government Code;

8) to explain how their conduct does not violate Chapter 180 of the Texas Finance Code;

9) to explain how their conduct complies with other applicable state and federal laws governing the conveyance of the estate property known as 2023 Quarter Horse Lane in Fort Worth, Texas; and

10) regarding other such matters as the Court deems appropriate.

Gaylene Rogers Lonergan and Susie Rodriguez (the "Respondents") submit this Response as answer to the show cause order as to why they were only tangentially involved in the transactions described above and how their conduct does not violate the statutes and codes cited above.

## Jurisdiction

1.     On or about February 26, 2009, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and Alice Whitten was appointed Chapter 13 Trustee.

2.     This Court has jurisdiction over this matter by virtue of 11 U.S.C. §§ 105, 361, 362, 363 , and 28 U.S.C. §§1334 and 157 and all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

## Factual Background[1]

3     Aurora Loan Services, LLC ("Movant") is the owner and holder of a Note secured

---

[1] The factual background is taken from Movant's Motion Requesting Issuance of an Order for Scott Irvin, Amy Irvin, Dan Heskett and Juana Heskett to Appear and Show Cause.  Respondents have little to no independent knowledge of most of the facts described in the Motion.

by a Deed of Trust of even date therewith covering certain real property located at 9032 Quarter Horse Lane, Fort Worth, TX 76123 ("Property").

4.      A Note ("Note") in the original principal amount of $112,761.00, dated January 9, 2006, was executed by original mortgagor, Adriana Lara, to CTX Mortgage Company, LLC. In connection therewith, Adriana Lara executed a Deed of Trust which was duly recorded. The Note and Deed of Trust were subsequently assigned to Movant.

5.      On July 19, 2010, Movant filed a Motion for Relief from Stay. On July 27, 2010, Debtor's Response to the motion was filed.

6.      On August 17, 2010, an Agreed Order Conditioning Automatic Stay was entered, under the terms of which the post-petition delinquency was to be repaid through inclusion within the Chapter 13 Plan. The Agreed Order Conditioning Automatic Stay further required that the Debtor remain current on her post-petition payment obligations.

7.      Debtor is presently in default under the terms of the Agreed Order Conditioning Automatic Stay for failure to remit her ongoing monthly mortgage payments.

8.      After Movant issued a Notice of Default, Movant's attorney was contacted by Ms. Rabia Ashraf. According to Mrs. Ashraf, she purchased the Property after she found it listed for sale on Craigslist by Dan Heskett.

9.      Pursuant to the terms of the purchase contract, Mrs. Ashraf paid Dan Heskett the sum of $15,000.00 in connection with the purported purchase of the Property.

10.     On or about May 31, 2010, Adriana Lara entered into a Trust Agreement, conveying the Property to the "Lara Family Trust" to which Scott Irvin and Amy Irvin were named beneficiaries.

11.     On the same day that the Lara Family Trust was established, the Debtor conveyed

the Property to Amy Irvin in her capacity of trustee of the Lara Family Trust.

12. The Property was then allegedly sold by Mina's Property Management Company to Rabia Ashraf. Mina's Property Management Company, LLC is owned by Juana Heskett, the wife of Dan Heskett.

13. Amy Irvin thereafter resigned her alleged trusteeship of the Lara Family Trust on or about June 27, 2010, naming Rabia Ashraf as successor trustee.

14. Scott Irvin thereafter executed a purported Assignment of Beneficial Interest in Trust assigning the beneficial interest in the Lara Family Trust to Rabia Ashraf.

15. Rabia Ashraf then executed a General Warranty Deed, in her capacity as alleged trustee of the Lara Family Trust, conveying the property from the Lara Family Trust to Rabia Ashraf in her personal capacity.

16. According to Ms. Lara, she did not receive any funds from the transactions set forth herein.

### Discussion

17. At the January 4, 2011 hearing before the court, Ms. Ashraf testified that Mr. Heskett sent her to the Lonergan Law Firm to sign the sign documents in front of a notary. Ms. Ashraf further testified that Mr. Heskett told her that the secretary (Ms. Rodriguez) would be waiting for her.

18. However, no appointment or closing for Ms. Ashraf was ever scheduled. Ms. Ashraf simply showed up at the Lonergan Law Firm offices with a General Warranty Deed dated June 30, 2010 and an Affidavit of Resignation and Appointment of New Trustee and requested the services of a notary. Ms. Ashraf also requested that the Lonergan Law Firm assist her with recording of the documents in the Tarrant County Real Property Records.

19.    Ms. Rodriguez assisted Ms. Ashraf by notarizing her signature on the General Warranty Deed dated June 30, 2010, and the Affidavit of Resignation and Appointment of New Trustee.

20.    There was never a closing scheduled at the Lonergan Law Firm offices, nor was there ever a closing scheduled with any employees of the Lonergan Law Firm at an alternate location.  If a closing had been scheduled with the Longergan Law Firm, a title search would have been performed and the instant bankruptcy case discovered.  Once the bankruptcy case was disclosed by the title search, in accordance with office policies, the closing would only have taken place after the Lonergan Law Firm received either an Order Lifting the Automatic Stay with regard to the Property or an Order Authorizing the Sale of the Property.

21.    Mrs. Ashraf further testified that she asked Ms. Rodriguez if these documents were the correct paperwork.  Ms. Rodriguez, as a non-attorney, did not offer a legal opinion as to whether or not the paperwork was correct, but may have stated that the General Warranty Deed indicated that ownership of the property was being transferred from Mrs. Lara to Mrs. Ashraf.

22.    Other than the knowledge that her employee was acting in her role as a Notary for the State of Texas, Ms. Lonergan has no knowledge regarding the transaction(s) described above.

23.    Other than notarizing Mrs. Ashraf's signatures on the General Warranty Deed and Affidavit of Resignation and Appointment of New Trustee, Ms. Rodriguez has no knowledge regarding the transaction(s) described above.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Respondents pray that, upon consideration of the Motion and this Response, Respondents recover their attorney fees and costs in connection with the matters raised herein, that Respondents are excused from the need to

appear and testify before the court, and that Respondents be afforded such other and further

relief, both at law and in equity, to which they may show themselves justly entitled.

BY: _____

JENNIFER ANN MITCHELL
State Bar No. 24042931
12801 North Central Expressway, Suite 150
Dallas, Texas 75243
Tel:    (214) 503-7509
Fax:    (214) 503-8752
Email:  jmitchell@loneganlaw.com
ATTORNEY FOR RESPONDENTS

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

Before me, the undersigned notary, on this day personally appeared Susie Rodriguez, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Susie Rodriguez. I am capable of making this verification. I have read Respondents' Response to Show Cause Order paragraphs 17 through 23. The facts stated therein are within my personal knowledge and are true and correct."

_____
Susie Rodriguez

SUBSCRIBED AND SWORN TO BEFORE ME by Susie Rodriguez, on this the 16th day of February, 2011.

_____
Notary Public, State of Texas

SARA BRUMLOW
Notary Public,
State of Texas
Comm. Exp. 04-04-12

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

Before me, the undersigned notary, on this day personally appeared Gaylene Rogers Lonergan, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Gaylene Rogers Lonergan. I am capable of making this verification. I have read Respondents' Response to Show Cause Order paragraphs 17 through 23. The facts stated therein are within my personal knowledge and are true and correct."

Gaylene Rogers Lonergan

SUBSCRIBED AND SWORN TO BEFORE ME by Gaylene Rogers Lonergan, on this the 16th day of February, 2011.

Notary Public, State of Texas

SARA BRUMLOW
Notary Public,
State of Texas
Comm. Exp. 04-04-12

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing *Response to Order Directing Dan Heskett, Juana Heskett, Lolita Sheriow, Susie Rodriguez, and Gaylene Rogers Lonergan to Appear and Show Cause* has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on February 16, 2011.

*Jennifer A. Mitchell*

Jennifer A. Mitchell

Dan Heskett
PO Box 560561
The Colony, TX 75056-0564

Dan Heskett
3713 Spring Run Lane
Melissa, TX 75454

Juana Heskett
PO Box 560561
The Colony, TX 75056-0564

Juana Heskett
3713 Spring Run Lane
Melissa, TX 75454

Lolita Sheriow
14128 Filly Street
Haslet, TX 76052-2991

Marcus B. Lienart
Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, TX 75243

Adriana Lara f/k/a Adriana Garza
c/o Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, TX 75243

Adriana Lara f/k/a Adriana Garza
9032 Quarter Horse Lane
Fort Worth, TX 76123

Scott Irvin
2810 Timber Hill Drive
Grapevine, TX 76051

Amy Irvin
2810 Timber Hill Drive
Grapevine, TX 76051

Alice Whitten, Trustee
6100 Western Place, Suite 1050
Fort Worth, TX 76107

U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242

Rabia Ashraf
9032 Quarter Horse Lane
Fort Worth, TX 76123

Ashley Flynn Bartram
Office of the Attorney General of Texas
Bankruptcy & Collections Division
PO Box 12548-MC-008
Austin, TX 78711

Hal F. Morris
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

Andrew D. Leonie
Assistant Attorney General
Consumer Protection Division
1412 Main Street, Suite 810
Dallas, TX 75202-4065

Todd Wyatt Deatherage
Linebarger Goggan Blair & Sampson
2323 Bryan Street, Suite 1600
Dallas, TX 75201

Eboney Cobb
Perdue Brandon Fielder Collins, et al
4025 Woodland Park Blvd, Suite 300
Arlington, TX 76013

Joe M. Lozano, Jr.
9441 LBJ Freeway, Suite 350
Dallas, TX 75243